No. 7785.

HENRY SHORTEN vs. WM. S. BOOTH, SHERIFF, ET AL.

Where one makes a surrender and is discharged in bankruptcy execution cannot legally issue against him on a judgment rendered prior to his bankruptcy.

If he have bought at bankrupt sale some of his own property subject to a mortgage resulting from that judgment, he must be proceeded against as any other third possessor, not personally liable for the debt.

A creditor who proves his whole debt, as one without security, against a bankrupt's estate, thereby releases any mortgage he may have.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

Rouse & Grant for plaintiff:

First—The judgment became vacated and discharged under the bankrupt act the moment Horner & Gaff proved their debt against the estate of the appellant. Sec. 5105 and 5106 U. S. Statutes; 6 Blackford, 254; Bump, 8 ed. p. 106; 9 Bankrupt Register, p. 508; 20 A. 108; 151 A. 601; 22 A. 440; 27 A. 572; 29 A. 21.

Second—Proving their debt as without security waives the security. 24 A. 506; sec. 5075 and 5077 R. S. N. S.; 4 Bankrupt Rep. 485; 40 Indiana, 239.

Third—Shorten and his wife are third possessors, and should be proceeded against by the hypothecary action, C. P. 71, and they can show the mortgage is discharged. 13 A. 382.

C. D. Favrot and Favrot & Lamon for defendants:

First—The property acquired in the name of Mrs. Shorten became subject to the provisions of law which regulate the community. C. C. 2399, 2406, 2402. It became liable for Shorten's debts. 3 R. 528; 12 R. 578; 2 A. 762; 12 A. 598.

Second—Shorten fails to allege that Horner & Gaff were notified that the real estate affected by their mortgage (judicial) was to be sold. The proceedings in the U. S. Courts should be the same as that in the State courts; Brightly's Dig. pp. 584, 794.

Third—Horner & Gaff did not lose their mortgage by being a party to the bankruptcy proceedings. 24 A. 506; 25 A. 600; 28 A. 844.

————

The opinion of the court was delivered by

SPENCER, J. Defendants, Horner & Gaff, recovered judgment in December, 1869, against Henry Shorten, plaintiff herein, for $2311 95, and interest. This judgment was duly recorded as a judicial mortgage on tenth of same month in the parish of East Baton Rouge, where the judgment was obtained.

On 21st April, 1871, before any execution was taken out, Shorten filed his schedule in bankruptcy and made a surrender of his property to his creditors. He was duly discharged by the U. S. District Court for Louisiana on 12th June, 1874.

The claim upon which Horner & Gaff obtained their judgment was not of a nature excepting it from discharge by the bankruptcy.

Among other property surrendered was a house and lot in Baton Rouge. In January, 1873, proceedings were taken in the bankrupt court to sell this property free of mortgage. The court ordered notice

of the application to be given to creditors appearing to have mortgages. thereon, and among them to Horner & Gaff.

In March following, a decree was entered reciting that the required notice had been given and ordering the sale free of encumbrances. It was accordingly sold and adjudicated to Mrs. Shorten, plaintiff's wife,. between whom there existed a community of acquets and gains.

Horner & Gaff made proof of their claim and judgment in the bankrupt court as one "without security," swearing that they held no "security whatever."

The proof is that Horner & Gaff were never legally notified of the proceeding to sell this property free of encumbrances.

On the 15th May, 1878, Horner & Gaff took out a general writ of *fieri facias* on their judgment against Shorten and caused it to be levied on the property above referred to.

Shorten enjoins the sale and claims damages. He sets up his discharge from the judgment by operation of his bankruptcy, and claims to have acquired said property at bankrupt sale free of encumbrances, and that neither himself personally nor his said property is liable to execution for said debt, and that said writ of *fi. fa.* was illegally and wrongfully issued.

First—It is manifest that the discharge in bankruptcy released Shorten from every sort of legal personal obligation to pay this debt ; and that no execution could legally issue against him on said judgment. U. S. Statutes, secs. 5105, 5106 ; *in re* Robinson, 6 Blatchford, 254 ; Dinges vs. Becker, 9 Bankrupt Register, 508 ; Bank vs. Buckner, 20 How. 108 ; Beach vs. Miller, 15 A. 601 ; Murphy vs. Smith, 22 A. 440 ; 27 A. 572 ; 29 A. 21.

If not personally liable for the debt, he is a third possessor of the property, and if the same is subject to a judicial mortgage in favor of Horner & Gaff they should proceed by the hypothecary action, and not by execution.

Second—This brings us to the consideration of a second question, which is presented by the pleadings and has been argued before us, to wit : Have Horner & Gaff a judicial mortgage on this property?

This court has repeatedly decided that the bankrupt court could not sell free of mortgage without giving notice to and making parties of the mortgage creditors. King vs. Bowman, 24 A. 506 ; Willard vs. Brigham, 25 A. 600 ; Pickett vs. Hayes, 28 A. 844.

It has been held uniformly that a creditor who makes proof of his debt, *with security,* does not waive his mortgage. But it is contended that if he proves it as an *unsecured debt,* he does. Section 20 of the bankrupt act of 1867, being now section 5075 of the Revised Statutes of the U. S., provides :

" When a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a cred-itor *only for the balance of the debt after deducting the value of such property,* to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct; *or the creditor may release or convey his claim to the assignee upon such property and be admitted to prove his whole debt.* If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the bankrupt's right of redemption thereon on receiving such excess, or he may sell the property subject to the claim of the creditor thereon; and in either case the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt." Sec. 5077 of U. S. R. Statutes requires him to set forth under oath the securities of his debt.

We think it fairly results from these provisions that where a cred-itor comes in and proves *for his whole debt,* as *unsecured,* he thereby re-leases any mortgages he may hold. The reason of this rule is apparent. One holding a special security should not come in and participate in the general dividends on the basis of his whole debt. In this very case Horner & Gaff have received, or at least were entitled to receive, and must be presumed to have received, on the basis of their whole debt, their *pro rata* of the proceeds of the sale of this very property. It is plain to see that it was the intent of the law, and that it is in consonance with reason, that they should not now be heard to demand again the proceeds of the same property. See Stewart vs. Isidore, 4 Bankrupt Reports, 485, 129. Houdly vs. Cawood, 40 Ind. 239; *In re* Bloss, 4 B. R. 37; Bump, 79, 328.

Plaintiff claims damages, and we think him entitled to a reasonable sum for attorney's fees, and will fix the amount at one hundred and fifty dollars.

It is therefore ordered and decreed that the judgment appealed from is annulled and reversed; and it is now ordered and decreed that the injunction sued out by plaintiff be re-instated and made perpetual, and the said plaintiff and the property seized in this case be and are declared not liable for the judgment sought to be executed. It is further decreed that plaintiff recover of defendants, Horner & Gaff, one hundred and fifty dollars damages and all costs.