PROVOSTY, J., absent on account of illness, takes no part.

### On Application for Rehearing.

PER CURIAM. The judgment appealed from is amended so as to restrict it in its terms to that portion of the street or road on the east side of defendant's canal, known as Canal street, on which plaintiffs' property fronts, between the roads or streets which bound said pieces of property. As thus amended, the judgment is affirmed, at the cost of defendant.

Rehearing refused.

———

(64 South. 919.)

No. 20,313.

OXFORD v. COLVIN, Sheriff, et al.

(March 2, 1914. Rehearing Denied April 13, 1914.)

*(Syllabus by the Court.*

1. HOMESTEAD (§§ 169, 192*) — EXEMPTION — RIGHT TO CLAIM—WAIVER.

The right to claim a homestead exemption is a personal right, and may be waived for the benefit of a particular creditor, or a particular debt, and the waiver may be made to apply either to obligations already contracted or to those to be contracted after the waiver.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 335, 363; Dec. Dig. §§ 169, 192.*]

2. HOMESTEAD (§ 175*)—EXEMPTION—WAIVER.

The waiver in this case was made to apply by the homesteader to "any debt I may owe hereafter to J. M. Wade," while the evidence shows that the defendant in injunction is trying to apply the waiver to a debt contracted prior to the waiver, which, of course, cannot be done.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 341, 343; Dec. Dig. § 175.*]

3. EXECUTION (§ 172*) — SEIZURE OF HOMESTEAD—DAMAGES.

The facts of this case do not justify an allowance of attorneys' fees and damages claimed by plaintiff in injunction.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; S. D. Pearce, Special Judge.

Injunction by J. J. Oxford against J. M. Colvin, Sheriff, and others. From judgment for defendants, plaintiff appeals. Reversed.

Richardson & Richardson, of Homer, for appellant. R. B. Dawkins, of Ruston, for appellees.

BREAUX, C. J. The waiver of a homestead is in controversy. The creditor sued to have it annulled. The debtor waived the homestead twice. The first waiver was signed May 13, 1908, and recorded in the mortgage office of Claiborne parish on May 29, 1908. The other was signed on the 10th of August, 1909, and filed December 31, 1909, and recorded in the parish of Lincoln December 1, 1910.

Except that these waivers are of different dates, they are in words the same. Each reads as follows:

"I, J. J. Oxford, resident of the above-named state and parish, my wife (Mrs. M. A. Oxford) signing hereto with me, waive all the homestead exemptions accorded us under article 244 of the Constitution. *This waiver is special*, being only as to any debt I may hereafter owe J. M. Wade. [Italics ours.] Done and signed on the 13th day of May, 1908.

her<br>
"M. A.   X   Oxford.<br>
mark<br>
"J. J. Oxford."

Indorsed:

"J. J. Oxford et al. Waiver to J. M. Wade. Filed May 28, 1908; recorded the 24th day of December, 1909, but in the parish of Claiborne on May 29, 1908."

The second waiver signed by Oxford and wife and by witnesses was filed December 31, 1909, recorded January 1, 1910, and again it is stated, filed and recorded in Lincoln parish, state of Louisiana, December 1, 1910.

John M. Wade brought suit against J. J. Oxford, and claimed the benefit of the alleged waiver, made as stated in his behalf, and the court, on the 5th day of January,

1911, decreed, in addition to rendering a judgment in his favor for the sum of $149.25, that the waiver of defendant, J. J. Oxford, as to his (Wade's) claim "is recognized and ordered enforced."

Plaintiff ordered the execution to issue.

Defendant, Oxford, obtained an injunction against plaintiff, in which he alleged that plaintiff, in the execution of his judgment, seized two mules and one wagon, worth around $350; that they are all the property he has; that he is the father of minor children, who have less than $1,000; that they are dependent upon him for support; that the property seized is not worth $1,000; that the judgment containing the following, the homestead of defendant, J. J. Oxford, as to the debt sued for, "be recognized and ordered enforced," is an absolute nullity; that one cannot waive his homestead by private writing for future indebtedness; that a waiver to be legal must be by public act; that the article of the Constitution which ordains that the waiver may be special or general applies to debts and property, and not to individuals; the debtor may waive it as to certain debts he may owe, but he cannot waive it unless there is a debt; that the debt in question is of a date anterior to the waiver, and that the debtor, Oxford, only made a waiver to be applied to future debts which he might thereafter owe. In other words, that the debt existed prior to the date of the waiver, and that the waiver had no reference to previously existing debts.

Plaintiff in injunction further alleged that a waiver could have effect only from the date it is recorded under article 246 of the Constitution; that, under the law, no act under private instrument can be recorded until acknowledged by the makers or signers thereof, or until proven by one of the attesting witnesses to the instrument; that this waiver must be recorded with the act; that the waiver of August 10, 1909, was only placed

on record January 1, 1910; that the wife of plaintiff died November 1, 1909; and that the record of no act can have effect against a party deceased.

Plaintiff claimed the fee of attorney and punitory damages; that the debt was represented by a note bearing date August 24, 1909; that this note had for consideration an anterior debt of date 1907.

No question but that the origination of the debt was long prior to the waiver.

In stating the case, we have stated the different points, although there was no necessity for stating them all, for, in our view, the decision of one of the points disposes of the whole case.

[1] The debtor or the one waiving the homestead can make special waiver either as relates to the person in whose favor the waiver is made, or as relates to the indebtedness. It is a personal right which the homesteader has the right to waive before he becomes a debtor. For the purpose of illustration: If he thinks that the homestead that he has had recorded is prejudicial to his credit, he is at liberty to file a declaration that he waives his right as to all creditors. If he has that right, he also has the right of waiver as to all the debts anterior to the date of the waiver or all debts subsequent to the waiver in favor of any creditor. He possesses the right before becoming a debtor, and he may renounce it in so far as relates to future debts or in the past.

[2] In this instance, he specially limited his waiver to future indebtedness. His statement is:

"Any debt I may owe hereafter to J. M. Wade."

This applies exclusively to future indebtedness.

Now, as to date, defendant mildly claims that it was a debt which originated after the waiver, but in this he is not sustained by the facts. He alleged that the consideration of the note was part of the purchase price, balance due on purchase price, of two mules. The evidence shows that these mules were bought long prior to the date of the waiver.

Indebtedness one owes hereafter excludes indebtedness long since past due. One belongs to a separate class, the past indebtedness; the other to indebtedness incurred in the future. With a view of illustrating, we will state that, if one should direct his agent to pay all his debts from the day that the order is given, he could not possibly be made to include debts of a date anterior.

[3] As relates to attorneys' fees and damages claimed by plaintiff in injunction, we do not think that in this case the plaintiff in injunction is entitled to either. He is fortunate that the law, in its beneficiency, affords him protection against the payment of debts incurred. Where a creditor is made to lose, as in this instance, we do not think that to that loss should be added the fee of attorney and other damages.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that there is judgment in favor of plaintiff, decreeing that his property, described in his petition, is protected from seizure under the homestead law. Defendant and appellee to pay the costs of the suit in the lower court and of appeal.

PROVOSTY, J., absent on account of illness, takes no part.