On Rehearing.
PROVOSTY, J.
The judgment appealed from condemned the defendants to pay the costs and maintained the injunction as to the mule. The defendants did not appeal from the judgment in those two respects. They expressly restricted their appeal to that part of the judgment maintaining the injunction as to the peanuts and awarding attorney’s fees. The judgment is therefore open to review only as to the peanuts and attorney’s fees.
On the question of the peanuts we find no reason for changing the conclusion heretofore arrived at, that the peanuts were intended for sale, and not to be kept for fodder.
[5] As to the damages for attorney’s fees, such are not allowed when the plaintiff in injunction is the defendant in execution. Smith v. Bradford, 17 La. 265; Flynn v. Rhodes, 12 La. Ann. 239; Neveu v. Vorrhies, 14 La. Ann. 739; Chappuis v. Preston, 28 La. Ann. 729; Townsend v. Sheriff, 42 La. Ann. 892, 8 South. 616; Oxford v. Colvin, 134 La. 1098, 64 South. 919.
White v. Givens, 29 La. Ann. 571, a homestead case, in which damages were allowed, must be considered to have been overruled by Oxford v. Colvin, supra, another homestead case, in which they were denied. In Shorten v. Booth, 32 La. Ann. 397, damages were allowed to the defendant in execution; but the judgment had been extinguished by bankruptcy proceedings; hence the case is *235 practically analogous to one in which the property of a third person has been seized.
As to damages for the seizure of the mule, we find no good reason for allowing any.
The judgment appealed from is affirmed, except in so far as it maintains the injunction as to the peanuts and allows plaintiff damages for attorney’s fees. In these two respects it is set aside, and the plaintiff’s suit is dismissed, and the injunction is dissolved as to the peanuts; the plaintiff to pay the costs of appeal.
SOMMERVILLE, J., takes no part.