(133 So. 436)

**BARLOW v. FIFE et al.**
No. 30241.

March 2, 1931.

Rehearing Denied March 30, 1931.

Paul W. Maloney, of New Orleans, for appellants.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

LAND, J.

In the suit of Isaac D. Fife in the Second judicial district court for Weber county, state of Utah, against the above defendants, and Jane Clark Barlow, defendant and cross-complainant, the latter defendant and cross-complainant obtained judgment against Walter W. Fife, Emma B. Fife, and Joseph B. Fife, "for the sum of $1,500, together with interest at the rate of eight per cent per annum from the first of April, 1922, amounting to $520.00; for $150.00 attorney's fees, and for costs of court, making a total judgment of $2,170.00 and $2.50 court costs."

On June 11, 1928, Jane Clark Barlow, plaintiff herein, brought suit against two of these defendants, Walter W. Fife and Joseph B. Fife, in the civil district court for the parish of Orleans; the whereabouts of Emma B. Fife, the third defendant, being unknown.

In the present suit plaintiff alleges that, under the laws of the state of Utah, judgments operate against defendants individually and in solido, and bear interest at the rate of 8 per cent. per annum from date of rendition, regardless of whether or not interest is specifically mentioned therein.

Defendants filed exceptions of no right or cause of action in the lower court, and answered later by tendering general denials.

These exceptions were overruled and, on final hearing, judgment was rendered in favor of plaintiff and against defendants, individually and in solido, in the sum of $2,170, with interest thereon at the rate of 8 per cent. per annum from August 9, 1926, the date of the Utah judgment, and defendants were condemned to pay all costs.

From this judgment defendants have appealed.

1. In our opinion, and as contended by defendants, the lower court erred in

rendering judgment against defendants in solido, and also in allowing 8 per cent. per annum interest on $2,170 from the date of the Utah judgment, August 9, 1926.

On the trial of the case, plaintiff introduced no evidence whatever to prove that, under the laws of Utah, judgments operate individually and in solido against defendants, and bear 8 per cent. per annum interest from date of rendition, whether or not so specified in the judgment.

In the absence of such proof, the laws of this state must govern. We have no such statutes here. Unless bound in solido by covenant, or by operation of law, defendants in this state are jointly bound. The two defendants, therefore, are liable each for one-third of $2,170, the amount of the Utah judgment, and without interest, as that judgment does not allow interest from the date of rendition, August 9, 1926, and judgments in this state do not bear interest from date unless so specified therein. Brady v. His Creditors, 43 La. Ann. 171, 9 So. 59; Smith v. Lewis, 45 La. Ann. 1461, 14 So. 221; Succession of Anderson, 33 La. Ann. 581.

■ 2. Defendants also complain that the record, upon which the present suit has been filed, is faulty in that it is not a complete record, but only a partial one, and does not show any appearance of these defendants therein or citation of them, and therefore cannot be accepted as proof.

Plaintiff offered and filed in evidence in the lower court a properly certified copy of the judgment of the Second judicial district court of the county of Weber, state of Utah.

This copy of judgment is preceded by the minutes of the Utah court, and recites that: "The above entitled cause came on for hearing on Monday 9th day of August, 1926, before the Honorable George S. Barker, one of the judges of the above entitled court, sitting without a jury, upon plaintiff's complaint and the answer and cross complaint of Jane Clark Barlow, one of the defendants; plaintiff appearing by his attorneys, Stewart, Alexander & Budge, and the defendants not appearing, either in person or by attorneys, and it appearing to the satisfaction of the court that the defendants, Walter W. Fife, Emma B. Fife, Joseph B. Fife and Jane Clark Barlow, had accepted service of summons and entered a general appearance in said cause, but that said defendants, with the exception of Jane Clark Barlow, had failed to answer or otherwise plead to said complaint within the time prescribed by and set forth in said acceptance of service, on motion of attorneys for the plaintiff, the defaults of said defendants, Walter W. Fife, Emma B. Fife and Joseph B. Fife were duly entered. * * * Sworn testimony was offered and received on behalf of plaintiff, and on behalf of Jane Clark Barlow, and the court being fully advised in the premises, and having made and entered its Findings of Fact and Conclusions of Law.—" Then follows the judgment rendered in the case.

It clearly appears from the copy of judgment filed in evidence, on the trial of the case in the court below, that the defendants in the Utah court had accepted service of summons and entered a general appearance in the cause, and that defaults were taken against them and duly confirmed.

The complaint of defendants that the record offered in the lower court failed to show that they appeared or had been cited is therefore without foundation in fact.

■ 3. Defendants contend that the personal judgment obtained by Jane Clark Barlow in the Utah court was in a foreclosure pro-

ceeding, and that a separate suit should have been resorted to by her.

This is a fact, but it is too late for them to object to the form of procedure in the courts of the state of Utah in which judgment was rendered, now that the plaintiff is seeking to enforce her judgment by suit in the courts of the State of Louisiana.

■ Defendants accepted service of summons and made a general appearance in the Utah court. They do not question the jurisdiction of that court; they do not complain that the judgment in favor of plaintiff was obtained by fraud or ill practices; nor do they pretend that this judgment has been paid, satisfied, released, or is barred by the statute of limitations.

Under such circumstances, the judgment rendered for plaintiff in the courts of the state of Utah is conclusive evidence of the debt due by defendants. Code of Practice, art. 752; U. S. Rev. Stat. § 905 (28 USCA § 687); 34 C. J. pp. 1111, 1580; Patterson v. Mayfield's Curator, 10 La. 220.

■ 4. The contention of defendants that there is nothing in the record to show that the defendants in this case are the defendants in the original suit in Utah is without merit. The minutes in that suit recite that the defendants accepted service and entered a general appearance. Defendants have appeared in the court below, and have filed exceptions of no right or cause of action, as well as answers to the merits, without specially denying their identity which, under the circumstances, must be considered as sufficiently established.

It is ordered that the judgment appealed from be amended in the following particulars:

First. That interest at the rate of 8 per cent. per annum from August 9, 1926, until

paid, be stricken from the judgment appealed from.

Second. That the words "in solido" be stricken from said judgment in awarding judgment against defendants.

It is now ordered that judgment be rendered against each of said defendants, individually, in the sum of one-third of $2,170, or in the full sum of $723.33 each; the third defendant, Emma B. Fife, not having been found or cited herein.

It is further ordered that the judgment, as amended, be affirmed, and that appellee pay costs of appeal.