LAND, Justice.
 

 This is a suit for damages in the sum of $2,750 for injuries alleged to have been sustained by plaintiff as a result of the illegal seizure and advertisement of his property.
 

 The damages, as itemized in the petition, are for mental anguish and humiliation, annoyance and embarrassment, impairment of credit, and attorney’s fees in the sum of $250, which is included in the lump sum of damages demanded by plaintiff.
 

 The case was tried by jury in the court below, and verdict in the sum of $1,750 was returned in favor of.plaintiff against the Phcenix Building & Homestead Association, which caused the property to be seized; but as to Maurice Hartson, civil sheriff for the parish of Orleans, who made the seizure, plaintiff’s demand was rejected.
 

 The homestead association has appealed from the judgment against it, and plaintiff has appealed from the judgment rejecting his demand against the civil sheriff, and has answered the appeal and prays that the judgment appealed from be amended and increased to $2,750, as originally sued for.
 

 The facts of the case, as far as the illegality of the seizure of plaintiff’s property is concerned, are undeniable.
 

 The only matter at issue is as to the quantum of the damages, the homestead association contending that the amount awarded against it is excessive.
 

 It appears from the record that the defendant, Phcenix Building & Homestead Association, held a mortgage for $8,800 on two lots, together with the buildings and improvements thereon.
 

 The two lots in question, Nos. 7 and 8, belonged to F. O. Ernst, who, on April 24, 1929, sold lot No. 7 to plaintiff, and, at the time of this purchase, the homestead association released its mortgage as to that lot and the improvements. On June 2, 1932, the homestead association obtained from the civil district court for the parish of Orleans an order for executory process as to both of these lots, although the mortgage note attached to the petition noted the release of lot 7 from the mortgage.
 

 
 *847
 
 When plaintiff received the three days’ notice in June, 1933, he went to see his attorney, Mr. Lautenschlaeger, and asked him to see “what this was all about.” Plaintiff testified that his attorney telephoned some one and promised him that everything would be all right.
 

 But on July 17, 1933, plaintiff’s wife phoned him at his place of business, and advised him that some one from the sheriff’s office was at the house, and was trying to place a large sign on the door, announcing that the property would be sold at public auction within thirty days.
 

 Plaintiff telephoned to his house, and begged the deputy from the sheriff’s office not to put up the sign, stating that he did not owe the homestead association any money, but, notwithstanding plaintiff’s protest, the sign was placed on the door of his residence by the officer.
 

 The advertisement was to run in the newspaper July 17, 24, 31, August 7, 13, 17, 1933.
 

 About July 24 or 25, 1933, Clarence Dowling was retained as attorney by plaintiff. After investigating the matter he wrote a letter to the homestead association, dated August 2, 1933, calling its attention to the illegal seizure, to the sign on plaintiff’s property, and to the continued advertisement of the property for sale in the newspaper, and requesting that the pleadings of the homestead association be amended immediately, that the sheriff be authorized to remove the sign from plaintiff’s premises, and that the advertisement of sale be discontinued.
 

 The homestead association, through its secretary, answered the letter addressed to it by plaintiff’s attorney, and stated that the communication had been referred to the attorney for the association.
 

 However, the advertisement of plaintiff’s property appeared again on August 7, 1933, in the newspaper, and the sale was to take place August 17th.
 

 .Plaintiff’s attorney advised him to apply for an injunction. The rule nisi was fixed for trial in the lower court for August 14, 1933, and the attorney for the homestead association came into court and admitted to the trial judge that there had been an error in the proceedings, and that the executory process should not have been issued against plaintiff’s property, and that it was a mistake. He asked that the executory proceedings be amended so as not to include plaintiff’s property, and, after that was done, the injunction proceedings naturally fell.
 

 It appears that the release from the mortgage of plaintiff’s property made before the notar}7 public was executed by the secretary of the homestead association, and this release appears upon the mortgage note made the basis of the executory process issued against plaintiff’s property.
 

 Í It is conceded that the seizure was made through mistake in the beginning. It was clearly the legal duty of the homestead association, however, to have had plaintiff’s property released immediately, when notified of the mistake made, the sale sign removed from plaintiff’s premises, and the advertise
 
 *849
 
 ment of his property discontinued in the newspaper.
 

 Without doubt, the persistent delay of defendant in not doing so was a protracted and unwarranted invasion of plaintiff’s property rights, as well as a prolonged source of vexation, embarrassment, and humiliation to him, and is without excuse or justification on the part of the defendant..
 

 Although, in our opinion, the quantum of damages in the sum of $1,750, awarded by the jury, is excessive, we do not feel that this is a case sounding in merely nominal damages.
 

 Plaintiff is entitled to recover an adequate sum in compensation for the injuries he has received through the negligent, if not intentional, disregard of his rights, and our conclusion is that damages to the extent of $750 will meet and satisfy the ends of justice in this particular case.
 

 The verdict of the jury, and the judgment rendered thereon, rejecting plaintiff’s demand for damages against the civil sheriff for the parish of Orleans is, in our opinion, correct, since that officer was acting in good faith and without fault in executing the orders of the court.
 

 It is ordered that the judgment appealed from be amended by reducing the damages awarded from $1,750 to $750; that, as amended, the judgment be affirmed; and that defendant, Phoenix Büilding & Homestead Association, pay the costs of lower court, and appellee pay costs of appeal.