212 So.2d 223 (1968)
Anthony J. GUERRERA
v.
CITY OF NEW ORLEANS.
No. 3034.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1968.
Rehearing Denied July 1, 1968.
*224 Levy, Smith & Pailet, Lawrence J. Smith, New Orleans, for plaintiff-appellee.
Alvin J. Liska, City Atty., Jackson P. McNeely, Asst. City Atty., for defendant-appellant.
Before SAMUEL, HALL and JOHNSON, JJ.
SAMUEL, Judge.
This suit was instituted by Anthony Guerrera, a City of New Orleans fireman, for maximum benefits and statutory penalties and attorney's fees under the Louisiana Workmen's Compensation Act. Plaintiff claims he was totally and permanently disabled by a severe attack of angina pectoris suffered immediately after lifting and storing a forty-five pound fire hose while he was on duty at the firehouse. In the alternative, if this one incident is not sufficient to constitute a compensable accident, plaintiff traces his disability to several angina attacks suffered previously while fighting fires. He urges the fire fighting incidents are compensable even though his disabled condition did not become apparent until after the attack precipitated by the lifting incident.
Defendant denies liability on the theory that plaintiff's angina attack was an organic disease which did not result from a job-connected accident within the meaning of the Workmen's Compensation Law and thus is not compensable. Alternatively, defendant contends plaintiff is not entitled to compensation benefits in any event because he has received his full salary as sick pay since he left the job.
The trial court awarded plaintiff $35 per week for 400 weeks, subject to a credit of $35 per week from May 19, 1966 through October 31, 1967, plus $2,500 for medical expenses. The credit was allowed because plaintiff received his full salary as sick pay during that period. On November 1, 1967 he retired with a disability pension.
Defendant has appealed. Plaintiff also has appealed from that portion of the judgment which allowed defendant a credit and from the trial court's refusal to award plaintiff penalties and attorney's fees.
During plaintiff's last year of active duty as a firefighter he occasionally suffered chest pains while fighting fires. Each time they subsided shortly after he left the burning premises. He attributed the incidents to a temporary lack of fresh air. On May 18, 1966 he reported for work at 3:30 p. m. Later that evening he removed two lengths of fire hose from a dryer, stretched it out, rolled it up and then lifted it into a storage rack, all without any assistance. The hose weighed about forty-five pounds. When he finished this work, one of the customary duties of a fireman, his mouth felt dry and he experienced acute chest pains. He took aspirin to relieve the pain. His watch ended a short time later and he went to sleep at the firehouse. He awakened during the night with pain and by 6:30 a. m. on May 19, he felt too ill to continue his watch so he went home.
That same morning his wife drove him to the office of their family physician, Dr. *225 Farrell R. Nicholson, who found no indication of heart disease at that time. However he prescribed nitroglycerine and the drug temporarily alleviated the pain. After plaintiff returned to his doctor's office on each of the following two days with the same complaints, Dr. Nicholson hospitalized him for what he then diagnosed as a possibly myocardiac infarction. During his hospitalization between May 21 and May 29, 1966 it was established plaintiff suffered with angina pectoris.
Based on his doctor's advice, plaintiff never returned to work after the attack of May 18-19. Between that time and the time of the trial, in addition to being treated intermittently by his doctor as an outpatient, he was hospitalized four more times for treatment of angina pectoris in July and August, 1966 and in January and August, 1967.
Three medical experts examined plaintiff and all agreed he had angina pectoris. Further, they all concluded the physical exertion expended by plaintiff in handling and lifting the forty-five pound hose probably precipitated the angina attack he suffered on the last day he was able to work.
Dr. Nicholson had treated plaintiff for minor ailments between 1960 and May, 1966, seeing him on an average of twice a year. Prior to May 19, 1966 he found no indication of heart trouble, and while this physician found no objective symptoms of heart trouble on that day, he testified the persistence of the pain for three days in the chest area definitely indicated the heart problem was the cause of plaintiff's illness on May 19, 1966.
The testimony of Dr. Louis Levy, II, a cardiologist, and Dr. James T. Nix, a surgeon who acts as physician for the fire department, indicates it is probable plaintiff had suffered mild angina attacks while fighting fires before May 19. However, in their opinion the attack following plaintiff's physical exertion while performing one of his usual duties on May 18-19 was "the straw that broke the camel's back", so to speak. The fact that he was able to work regularly before the incident and, on medical advice, has not been able to work since, fully supports this conclusion.
From these facts we must decide whether plaintiff's angina attack on May, 1966 is a compensable injury. In Danziger v. Employers Mutual Liability Ins. Co. of Wis., 245 La. 33, 156 So.2d 468, the Supreme Court of Louisiana said that certain classes of employees, disabled by a heart attack suffered on the job, could recover compensation benefits. But in order for the attack to be deemed a job-connected accident for which compensation was due, Danziger spelled out these conditions and limitations:
"* * * First and foremost, it may be said that the vascular disease cases have been limited to employees who perform manual labor and recovery in such instances will not be permitted unless it is shown that the diseased organ gives way or its function is impaired while the laborer is discharging his usual and customary laborious work. * * *"
If the claimant comes within this rule, it matters not that his heart condition pre-existed the disabling attack. See Franklin v. Old Colony Insurance Company, La.App., 150 So.2d 892.
In the instant case plaintiff performed manual labor and was disabled by an angina attack which was precipitated by the physical exertion expended in folding and storing a fire hose, one of his customary duties as a fireman. Thus the trial judge properly concluded plaintiff became disabled by a job-connected accident and was entitled to maximum benefits.
We now consider plaintiff's contention that defendant should not have been allowed a credit of $35 for each week defendant paid him his full salary as sick pay. Apparently the credit was allowed on the theory that sich pay benefits which were not due prior to the disability constitute *226 voluntary payments to the injured employee. LSA-R.S. 23:1206 provides:
"Any voluntary payments made by the employer or his insurer either in money or otherwise, to the injured employee or his dependents, and accepted by the employee, which, by the terms of this act, were not due and payable when made, may, subject to the approval of the court, be deducted from the payments to be made as compensation; provided, that in case of disability, such deduction shall be made by shortening the period during which compensation shall be paid, and not by reducing the amount of the periodical payments." LSA-R.S. 23:1206.
Relying primarily on the testimony of Fire Department Chief Arthur Heyd, plaintiff contends the sick pay benefits were earned by him prior to the accident as a form of payment due him for past services rendered as a fireman. Chief Heyd testified a fireman acquires 365 days sick leave after working for the department for only one day. In addition he may accumulate two days' sick leave for every month he works. The witness described the liberal sick leave benefits as one of the inducements used to recruit firemen. Accordingly, we conclude plaintiff earned the sick leave benefits.
The holdings in France v. City of New Orleans, La.App., 92 So.2d 473 and Walters v. General Accident & Fire Assur. Corp., Ltd., La.App., 119 So.2d 550, with which holdings we agree, are apropos. Both cases decide that sick leave benefits are payments earned by the employee for past services rendered and when he becomes disabled none of such benefits can be deducted from or credited to workmen's compensation. We conclude plaintiff's award should be increased by disallowing the credit.
Although it appears that the trial judge correctly rejected plaintiff's demand for penalties and attorney's fees, we do not decide the question. Plaintiff did appeal from that ruling. But in this court he has not urged the point in either argument or in brief; in his brief he prays only "* * * that the judgment should be affirmed in all respects except that the defendant should not be allowed a credit for sick leave." Under these circumstences we conclude plaintiff has abandoned his claim for penalties and attorney's fees. See Chas. A. Kaufman Co. v. Gregory, La.App., 178 So.2d 300.
For the reasons assigned, the judgment appealed from is amended to disallow the credit of $35 per week for the period May 19, 1966 through October 31, 1967. As thus amended, and in all other respects, the judgment appealed from is affirmed.
Amended and affirmed.