LeSUEUR, Judge.
Mr. Dupaquier, a retired fireman, was working for the Fire Department of the City of New Orleans in March of 1966 when he suffered a heart attack. He received sick leave benefits pursuant to the applicable statute until October of 1968, when he received a disability pension. This suit for workmen’s compensation benefits was not filed until December 20, 1968.
These facts present, as the first order of business, the question of prescription. *332 Pursuant to the decision of this court in Guerrera v. City of New Orleans, La.App., 212 So.2d 223 (4th Cir. 1968), sick leave benefits do neither constitute nor include compensation payments, and payment for sick days, per se, does not, therefore, toll the running of the applicable prescriptive period.
The plaintiff contends, however, and the evidence clearly demonstrates that he was acting under the impression that these payments did in fact include compensation benefits. It is further clear that prior to Guerrera v. City of New Orleans, supra, both the City and the Union hierarchy were acting upon that assumption.
It is at this point that the chain of proof ends. Mr. Dupaquier does not testify that anyone in the Department administration or in City government so informed him. He specifically traces his impression to remarks by fellow firemen. Indeed, he freely admits that, within the prescriptive period, he did not so much as check with anyone in authority in the Department or City Administration.
Proof of a general misunderstanding is one thing; proof of “misleading” is quite another. Here, it is clear that there was a misunderstanding, on everyone’s part. There is, however, no evidence that the City or anyone acting in its interests played the slightest direct role in placing the mistaken impression within Mr. Dupaquier’s mind. Thus, while we by no means agree with the defendant that tolling requires proof of design or intent to mislead, we see no reasonable basis for the application of the doctrine absent a more substantial link between the employer and the misim-pression that was proved in this action. See Williams v. Red Barn Chemicals, Inc., La.App., 188 So.2d 78 (1st Cir. 1966).
For these reasons, the judgment appealed from is reversed and judgment is hereby granted defendant. Plaintiff’s suit is, therefore, dismissed. In view of the nature of this action, however, costs in both courts are to be borne by the defendant.
Reversed and rendered.