LeSUEUR, Judge.
Plaintiff, a New Orleans city fireman, instituted suit to secure maximum workmen’s compensation benefits, interest, attorney’s fees and statutory penalties from his employer, the City of New Orleans. The trial court, after trial on the merits, rendered judgment rejecting his claims, and the plaintiff has perfected this appeal.
On April 3, 1967, plaintiff attended a routine training school for firemen. During the course of his day’s activities he began to feel discomforts which continued and, intensified until he suffered a heart attack at his home at about 11:00 P.M. that same day. Dr. J. T. Nix, plaintiff’s treating physician and the New Orleans Fire Department physician, recommended retirement after the attack as he considered plaintiff unfit for duty.
This court has no doubt that plaintiff is totally disabled within the meaning of the Workmen’s Compensation Act. The question remains whether plaintiff became disabled as the result of a heart attack brought on, precipitated, or accelerated by the work he had been performing in the course and scope of his employment on that day.
Chief Winchester B. Kerth, the city’s only witness, testified that on April 3, plaintiff attended the firemen’s training school; he also testified as to the day’s activities but did not remember plaintiff’s specific actions as such. Plaintiff, however, testified (and his testimony is uncon-tradicted) that on that date his activities included the full schedule of events on techniques of firefighting.
The physical plant of the school is a multi-level building 52' in height with no elevator. There are interior and exterior stairways. The day’s program required scaling the stairways and timed drills involving the use and physical employment of equipment. Dr. Nix, the treating physician, testified directly that the activities concluded within the program could produce an attack of angina pectoris. He fur *349 ther testified directly that the history related by the plaintiff, covering the pattern of symptoms, was consistent with the disorder.
All of this clearly prompted Dr. Nix’s conclusion that there was a “secondary causal connection” between the activities of the day and the angina attack of that evening. This testimony was not contradicted and, if legally sufficient to establish causality, requires reversal.
This court has recently observed that medical causality need not be established with flawless precision. Mogabgab v. Orleans Parish School Board, La.App. 239 So.2d 456 (4th Cir. 1970); Writ refused, November 1970. A fair reading of Dr. Nix’s testimony makes it clear that in his view the training program was in fact a substantial cause of the angina. Those factors to which the program was secondary appear to be no more than the age, physical condition, and general stress pat-terms of the plaintiff.
This evidence, at the very least, makes it clear that it is more likely than not that the training program was causally active in producing the attack. The program was concededly job related and, pursuant to Guerrera v. City of New Orleans, La.App., 212 So.2d 223 (4th Cir. 1968), it does not matter that pre-existing conditions may also have played a role.
Accordingly, the judgment appealed is reversed insofar as compensation benefits and costs were denied the plaintiff and judgment is hereby rendered in favor of plaintiff and against the City of New Orleans in the full sum of $14,000.00, payable at the rate of $35.00 per week for a period of four hundred weeks beginning April 3, 1967. Inasmuch as there is no evidence that the denial of benefits was capricious, the judgment is affirmed insofar as penalties and attorney’s fees were denied.
Reversed in part; affirmed in part; and rendered.