STOULIG, Judge.
This is an appeal from a judgment on a rule dismissing appellant’s action to recover legal interest on all past-due workmen’s compensation installments from date *920 of injury on April 3, 1967, through date of payment on September 4, 1971.
Elroy Garvin sustained a job-related injury while employed as a fireman for the City of New Orleans. He instituted an action seeking workmen’s compensation benefits, together with statutory penalties and attorney’s fees, which demands were rejected by the trial court. This court ruled in Garvin v. City of New Orleans, 243 So. 2d 347, 349 (1971):
“ * * * [T]he judgment appealed is reversed insofar as compensation benefits and costs were denied the plaintiff and judgment is hereby rendered in favor of plaintiff and against the City of New Orleans in the full sum of $14,000.-00, payable at the rate of $35.00 per week for a period of four hundred weeks beginning April 3, 1967. Inasmuch as there is no evidence that the denial of benefits was capricious, the judgment is affirmed insofar as penalties and attorney’s fees were denied.”
Defendant’s applications for rehearing and writs were denied by this court and the Supreme Court, 258 La. 211, 245 So.2d 410, respectively.
It must be observed that the appellate decree was silent as to interest. Garvin maintains that despite this fact interest accrues by operation of law under the provisions of LSA-C.C. art. 1938, which states that all debts bear interest at 5 percent per annum (7 percent as amended) from due date unless otherwise stipulated.
We find this contention not in accordance with the jurisprudence. As stated by the Supreme Court in Villars v. Faivre, 36 La.Ann. 398, 400 (1884), and reaffirmed in Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917):
“Our jurisprudence has rested on a solid foundation, the rule that all the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation. * * * ”
This court as recently as 1966 in the case of Mexic Bros., Inc. v. Sauviac, 191 So.2d 873, 881, confirmed that the doctrine annunciated in Villars and Soniat is still the controlling case law relative to “ * * * judgments which granted part of the relief sought by a party and were silent as to other demands of the same party * * * ”
The Villars and Soniat cases treat the situation where the judgment rendered is not determinative of all of the demands of a litigant, those on which it is silent then being considered as rejected. The fact that only the demands of a single party are involved distinguishes these cases from that of Walker v. Jones, 230 So.2d 851 (La.App. 1st Cir. 1970), affirmed 257 La. 404, 242 So.2d 559 (1970), wherein the general rule was recognized but an exception made because the principal and incidental demands of different parties were at issue.
The rule that silence is considered rejection has been applied with regard to interest in holdings that money judgments do not bear interest unless specified therein even though interest may have been legally due (LSA-C.C. art. 1938). Barlow v. Fife, 172 La. 176, 133 So. 436 (1931); Factors’ & Traders’ Ins. Co. v. New Harbor Prot. Co.,. 39 La.Ann. 583, 2 So. 407 (1887); Succession of Anderson, 33 La. Ann. 581 (1881).
Appellant’s remedy was by way of rehearing to this court and writs to the Supreme Court to correct this omission. The appropriate time for such applications has expired, and the judgment is now definitive. Therefore we are now powerless to effect the desired amendment. Villars v. Faivre, supra, at page 401.
For the above reasons, the judgment of the trial court is affirmed.. All costs are to be paid by the appellant.
Affirmed.