SAMUEL, Judge.
Plaintiff allegedly suffered a heart attack in March, 1966 while performing his duties as a New Orleans fireman. He received sick benefits amounting to full pay until October 23, 1968 when he was placed on a disability pension. He instituted this suit for total and permanent disability benefits in workmen’s compensation on December 20, 1968 to which defendant filed an exception of prescription under LSA-R.S. 23:1209. The district court overruled the exception and, after trial, rendered judgment on the merits in favor of plaintiff for workmen’s compensation commencing March 11, 1966 at the rate of $35 per week for 400 weeks and for all medical expenses not to exceed $2,500, subject to credit for compensation and medical expenses already paid, together with legal interest on each installment from due date until paid.
The City appealed to this court. After considering only the prescription question, we sustained the exception of prescription and dismissed the suit.[1] The Supreme Court of Louisiana granted certiorari, reversed our judgment, overruled the exception of prescription and remanded the case to us for a consideration of the merits.[2]
When the Supreme Court judgment had become final plaintiff filed a motion in this court to have us make that judgment our judgment and to have us reinstate the judgment of the trial court as rendered. The motion avers that, other than prescription, there was and is “no justiciable issue or serious contention” regarding plaintiff’s entitlement to the trial court judgment. The motion further prays that in the event the City opposes the motion plaintiff be awarded damages for frivolous appeal.
The City has opposed the motion and has reurged its exception of prescription. In addition, it admits plaintiff is permanently disabled, but it contends he has failed to prove a causal connection between his injury and the performance of his duties while fighting the fire as alleged.
We find no merit in defendant’s first contention relative to prescription. The Supreme Court having reversed this court on that issue, and having overruled the exception of prescription, we are bound by that decision.
Defendant’s second contention, to which they devote a minimal portion of their argument and brief, also is without merit. The contention is based on an alleged discrepancy in plaintiff’s evidence regarding the dates of the fire (during the fighting of which plaintiff claims he suffered the heart attack) and the date of the injury. The petition alleges incapacity since March 11, 1966. Plaintiff testified the fire occurred on March 10 and he sought medical attention the following morning. His doctor’s records show examination of plaintiff on March 11 and the fire department records show the fire occurred on March 8.
*80 It is true there is an apparent discrepancy. However, the testimony of plaintiff and his witnesses is that he did complain of chest pains during the fire; the incident of the heart attack occurring at the fire is supported in detail by the fire chief who was present; we are satisfied from the testimony of plaintiff himself that he arrived at an approximate date of the fire because it occurred the day before he went to his doctor; and the discrepancy possibly is one only between that physician’s records arid the records of the fire department.
Consequently the apparent discrepancy as to that date (which did not affect prescription) is not material. The record establishes plaintiff had performed strenuous duties at the fire and the medical examination thereafter indicated he was suffering from angina which resulted in hospitalization and a finding of total disability. Plaintiff never returned to work after March 11, 1966. In addition, the medical evidence is that there was a relationship between plaintiff’s work and his heart attack.
Absent LSA-R.S. 33:2581 [3], our jurisprudence is that when a claimant seeks compensation for a disability stemming from a heart condition he is not required to prove the occurrence of an accident or traumatic injury if the heart gave way while performing strenuous physical activity. Landry v. City of New Orleans, 266 So.2d 492; Garvin v. City of New Orleans, La.App., 243 So.2d 347; Guerrera v. City of New Orleans, La.App., 212 So.2d 223; see Danziger v. Employers Mut. Liability Ins. Co. of Wis., 245 La. 33, 156 So. 2d 468; Brown v. Kaiser Aluminum & Chemical Corporation, La.App., 250 So.2d 99.
We conclude plaintiff has sustained his burden of proving causal connection. Accordingly, we need not consider the effect, if any, of LSA-R.S. 33:2581, which became law subsequent to the fire but prior to trial.
The only remaining issue is plaintiff’s claim for damages for frivolous appeal.' We derive our authority to award such damages under LSA-C.C.P. Art. 2164 which, in pertinent part, provides: “The court may award damages for frivolous appeal; . . . ” There are at least two reasons why that authority should be exercised only in rare instances. Those reasons are: (1) as is true of all penal statutes, the article must be strictly construed; and (2) appeals are favored and, unless the same are clearly required, penalties for frivolous appeal tend to discourage appeals.
Here plaintiff concedes the appeal to this court from the judgment of the trial court certainly was justified in view of our reversal of that judgment. The matter is - not before us now as the result of any action taken by the City. It is before us solely as a result of the remand by the Supreme Court to this court'for a consideration of the merits. Thus the City had no alternative other than to appear and defend on remand or acquiesce in the trial court’s judgment. We know of no law or jurisprudence which would require such acquiescence under penalty of being condemned to pay damages. Accordingly, we find no merit in plaintiff’s motion for damages for frivolous appeal.
For the reasons assigned, plaintiff’s motion for damages for frivolous appeal is denied and the judgment appealed from is affirmed.
Motion for damages for frivolous appeal denied; judgment affirmed.

. Dupaquier v. City of New Orleans, 242 So.2d 331.

. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385.

. In pertinent part LSA-R.S. 33:2581 provides that any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service “. . . shall be presumed, prima facie, to have developed during the employment whenever same is manifested at any time after the first five years of employment.”