This is a suit on a promissory note. The sole defense raised in the answer is "that the said note is a forgery".
When the case was called for trial, plaintiff testified that the note had been signed in his presence and offered other evidence to corroborate the genuineness of the signature. Defendant stated that she had not signed the note, but her denial did not evidence positiveness or certainty.
Her counsel attempted to prove that she had received no consideration for the note and, on objection, the district judge ruled this evidence as inadmissible, but, nevertheless, heard it and then ruled that it could not be considered because of the effect of article 326 of the Code of Practice, which reads as follows: "The defendant, whose signature shall have been proved after his having denied the same, shall be barred from every other defense, and judgment shall be given against him without further proceedings."
He then rendered judgment against defendant. She has appealed.
The evidence as to the genuineness of the note is quite convincing and does not justify a reversal of the judgment. On the contrary, it convinces us of its correctness. Because of the provisions of article 326 of the Code of Practice, the evidence touching upon the suggestion that no consideration was received should have been entirely excluded. In Hemenway, Inc., v. Guillory, 155 So. 57, 58, the Court of Appeal for the Second Circuit, after declaring that, in a suit on a promissory note, where the genuineness of the signature is denied, the burden of proving the genuineness is on the plaintiff, continued to say: "If plaintiff has discharged this burden of proof, there will be no other issue in the case because, as declared by article 326 of the Code of Practice, when a defendant, sued on an act under private signature, denies the genuineness of his signature thereon and the verity of such signature is established, he `shall be barred from every other defense.'"
See, also, Brandin Slate Company, Inc., v. Bennett et al.,193 La. 89, 190 So. 342.
The judge a quo was, therefore, correct in refusing to consider this defense.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed. *Page 840