YARRUT, Judge.
Plaintiff-Appellant sues on a note allegedly executed by Defendants, Sommers and Rohrbacker. Rohrbacker allowed a default judgment to be entered against him, and is not a party to this appeal. Defendant Sommers charged his signature is a forgery. From an adverse decision, Plaintiff has appealed.
The issue is solely one of fact, whether or not Defendant Sommers’ signature is a forgery, the burden of proof resting on Plaintiff. Teutonia Bank & Trust Co. v. Heaslip, 138 La. 860, 70 So. 861; Hemenway, Inc. v. Guillory, La.App., 155 So. 57.
Plaintiff’s manager and cashier both testified that Sommers signed the note in their presence, which they remembered distinctly, in spite of their having witnessed the signing of six or seven hundred notes in the *801 interim. Defendant testified that he had not signed the note in question, but did admit that he had previously signed a note as an accommodation to Rohrbacker; and that he refused to sign the note here because of Rohrbacker’s insolvency. Defendant Sommers produced samples of his signature appearing on his driver’s license, two applications for motor vehicle registrations, on his answer filed herein, and three samples written by him in open court. In comparing the genuine signature with that on the note here, the trial court concluded Sommers’ signature on the note was a forgery. No handwriting expert was produced by either party.
Our own examination and comparison of the signatures in question convinces us, as it did the trial court, that the signature on the note is not that of Defendant Sommers. Plaintiff has failed on the burden to prove the genuineness of Sommers’ signature.
For the reasons assigned, the judgment appealed from is affirmed; Plaintiff to pay costs in both courts.
Affirmed.