241 So.2d 301 (1970)
GULFCO FINANCE COMPANY OF LIVINGSTON, Inc.
v.
Percy LEE.
No. 8097.
Court of Appeal of Louisiana, First Circuit.
November 16, 1970.
E. C. Schilling, Jr., of Schilling & Simpson, Amite, for appellant.
Jerry E. Bunch of Bennett & Bunch, Denham Springs, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
ELLIS, Judge.
This is a suit on a promissory note, originally filed by Gulfco Finance Company of Livingston, Inc., against Percy Lee. We have previously denied a motion to dismiss herein (221 So.2d 886), and remanded the case for substitution of the proper party defendant following the death of Percy Lee. 224 So.2d 524 (La.App. 1 Cir. 1969). Mitchell Milford Lee, Administrator of the Succession of Percy Lee, has been made a party defendant, and the case is now before us on its merits.
*302 The note sued on does not appear in the record, although it is recited to be attached to the petition, and was offered in evidence. From the pleadings and stipulations, we gather that the note was originally given to J. S. Love, d/b/a Love Motor Company, and endorsed by Love to plaintiff without recourse. Defendant denied having signed the note sued on, and plaintiff subsequently made Love a party defendant, asking for judgment against him under the endorser's warranties if Lee was found not liable.
The case was submitted to the Court on the following stipulation:
"It is stipulated to by and between counsel for the plaintiff and the defendant, Percy Lee and J. W. Love, doing business as Love's Motor Company that the plaintiff, Gulfco Finance Company is the holder in due course of valuable considerations of a note and chattel mortgage herein sued on. And in connection therewith the plaintiff offers and introduces and files into the record the note and chattel mortgage with a payment card showing the balance due of $726.89, plus attorney fees and interest.
"It is further stipulated by and between counsel for plaintiff and defendants that the defendant, J. W. Love has one witness, which is absent from the State of Louisiana and it is stipulated by and between attorneys that if this witness would testify he would state that he saw Mrs. Percy Lee sign the mortgage and chattel mortgage in questionsigning the defendant, Percy Lee's name and he would further testify that Mrs. Percy Lee had a power of attorney authorizing her to sign the said defendant's name. It is further stipulated by and between attorneys that the defendant, Percy Lee, if he were present and testifyinghe would deny ever giving his wife the power of attorney to sign his name to the note and chattel mortgage in question.
"It is further stipulated by and between attorneys that the defendant, Percy Lee, would further testify that he never made any of the payments on the said note."
After submission of the case, judgment was rendered in favor of plaintiff and against defendant Lee, in the full amount sued for. The judgment is silent as to defendant Love. From this judgment, defendant Lee has appealed. Plaintiff has neither appealed, nor answered Lee's appeal.
Under the provisions of R.S. 7:23, a signature to a note, made without the authority of him whose signature it purports to be, is wholly inoperative. If a defendant denies his signature, the burden of proving its authenticity, or of proving the authority of the person who signed the name, falls on the plaintiff. Teutonia Bank & Trust Co. v. Heaslip, 138 La. 860, 70 So. 861 (1916); Excel Finance Camp, Inc. v. Sommers, 140 So.2d 800 (La.App. 4 Cir. 1962). R.S. 7:19. An agent's authority to sign a note for his principal must be express and special. Article 2997, Civil Code.
It is stipulated that a nameless and absent witness would testify that Percy Lee's wife had a power of attorney authorizing her to sign his name, and that she executed the note on his behalf. It is further stipulated that Percy Lee would deny having authorized his wife to sign the note sued on herein.
We hold that the above stipulation is not sufficient to prove by a preponderance of the evidence an express and special authorization to Mrs. Lee to execute the note sued on. We think the court below erred in rendering judgment against defendant Lee.
In his brief, plaintiff has asked for judgment against Love, in the event his demands as to Lee are rejected. We cannot consider this aspect of the case. The judgment below must be presumed to reject plaintiff's demand against Love, and has become final in that respect, since plaintiff did not take a protective appeal. Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917); *303 Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4 Cir. 1966).
The judgment appealed from is therefore reversed, and there will be judgment herein in favor of defendant, the Succession of Percy Lee, through its Administrator, Mitchell Milford Lee, and against plaintiff Gulfco Finance Company of Livingston, Inc., dismissing plaintiff's suit at its cost.
Reversed and rendered.