308 So.2d 435 (1975)
Paul GUILBEAU, Plaintiff-Appellee,
v.
Benjamin GUILBEAU et al., Defendants-Appellants.
No. 4861.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearing Denied March 12, 1975.
Writ Refused June 6, 1975.
Richard J. Bertrand, Lafayette, for defendant-appellant-appellee.
J. Minos Simon, Lafayette, for plaintiff-appellee-appellant.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Defendant Lionel Guilbeau appeals the $7,260.10 judgment awarded plaintiff Paul Guilbeau for injuries and special damages resulting from a beating sustained in Lafayette Parish. We affirm.
Paul sued his brother Benjamin Guilbeau and Ben's son Lionel. The trial court assigned reasons releasing Ben from liability, but there is no judgment deciding that claim. We do not reach Paul's devolutive appeal in which he contends the trial *436 court erred in holding Ben free from fault, because there is no judgment to that effect.
The record supports the trial court's conclusion that while Paul may have provoked the problem by waving or gesturing toward Lionel, Lionel had no right to enter Paul's property and administer a severe beating to Paul. Additionally, Lionel used excessive force by beating his unarmed uncle with a wrench.
The trial court's factual findings are entitled to great weight, particularly when they are based upon credibility of the witnesses. Those conclusions will not be disturbed absent manifest error.
Paul's injuries consisted of a displaced fracture of the left ulna, a hematoma of the left forearm, profuse bleeding from the nose, bilateral hematomas of both eyes and multiple abrasions of the face. Paul also sustained a severe thickening of the right maxillary sinus. Although he recovered from most injuries within three months, Paul retained some permanent disability. Defendant has failed to establish the award to be manifestly excessive. Bitoun v. Landry, 302 So.2d 278 (La.1974); Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974).
The trial court judgment is affirmed at appellant's costs.
Affirmed.
HOOD, J., concurs in part, dissents in part, and assigns written reasons.
HOOD, Judge (concurring in part, dissenting in part).
I concur in that part of the majority opinion which affirms the judgment rendered in favor of plaintiff and against Lionel Guilbeau. I do not agree with that part of the opinion, however, which holds:
"We do not reach Paul's devolutive appeal in which he contends the trial court erred in holding Ben free from fault, because there is no judgment to that effect."
Plaintiff sued Lionel and Benjamin Guilbeau. An answer was filed by both defendants, and the case was tried on its merits as to both of them. After that trial, the trial judge assigned written reasons for judgment in which he concluded that plaintiff was entitled to recover damages from Lionel Guilbeau, but that he was not entitled to recover from Benjamin Guilbeau. In those reasons the trial judge said:
"... it is the opinion of this Court that all of the injuries sustained by the plaintiff were inflicted upon him at the hands of the defendant, Lionel Guilbeau, as the testimony of both Lionel and Benjamin was to the effect that Benjamin did nothing and that all of the fight was carried to plaintiff by the much younger man, Lionel Guilbeau."
* * * * * *
"... the Court will find that plaintiff should be awarded judgment against Lionel Guilbeau only."
* * * * * *
"... the Court will dismiss Benjamin Guilbeau as a party defendant herein and will sign a formal judgment in accordance with these reasons upon presentation."
After those reasons were handed down, a formal judgment was signed by the judge in favor of plaintiff and against defendant, Lionel Guilbeau, for $7,260.10. The judgment was silent as to the remaining defendant, Benjamin Guilbeau. Plaintiff has appealed from that judgment, and in his petition for appeal he alleges that he appeals "insofar as said judgment denies recovery against defendant, Benjamin Guilbeau."
On this appeal plaintiff's principal argument is that he is entitled to recover against Benjamin as well as Lionel Guilbeau. Neither Benjamin Guilbeau nor *437 anyone else has suggested that that issue is not before the court. All parties obviously assume that the trial court judgment rejected plaintiff's demands against that defendant, and their arguments are based on that assumption. My colleagues are the first to conceive the idea that we cannot consider plaintiff's demands against Benjamin because the judgment of the trial court did not specifically reject those demands.
The evidence convinces me that plaintiff is entitled to recover damages from Benjamin as well as from Lionel Guilbeau. My colleagues may or may not agree with me on the question of liability, but I believe that the case is before us on the merits as to both defendants, and that on this appeal we should consider and rule one way or the other on the merits of plaintiff's claim against Benjamin. The fact that the final judgment was silent as to plaintiff's demands against Benjamin must be regarded as a rejection of plaintiff's demands against that defendant. The appeal taken by plaintiff thus presents to this court the issue of whether plaintiff is entitled to recover from Benjamin Guilbeau.
The law is settled that all of the issues presented by the pleadings and on which evidence has been offered will be considered as having been disposed of by a final judgment in the cause, and that demands passed over in silence will be considered as having been rejected by the trial court in the absence of a special reservation. Where a suit against two defendants is tried on its merits, and a final judgment is rendered against only one of them, being silent as to the other, the judgment will be considered as having rejected plaintiff's demands against the defendant not mentioned in the decree. Garvin v. City of New Orleans, 270 So.2d 919 (La.App. 4 Cir. 1973); Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4 Cir. 1966); LaHitte v. Acme Refrigeration Supplies, Inc., 192 So.2d 172 (La.App. 4 Cir. 1966); Wendel v. Dixon Real Estate Company, 232 So.2d 791 (La.App. 4 Cir. 1970); Hebert v. Valenti, 235 So.2d 193 (La.App. 4 Cir. 1970); Gulfco Finance Company of Livingston v. Lee, 241 So.2d 301 (La.App. 1 Cir. 1970); Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917); Villars v. Faivre, 36 La.Ann. 398 (1884). See also 32 La.L. Rev. 315.
Our Supreme Court stated as early in 1884 in Villars v. Faivre, supra, that:
"Our jurisprudence has rested on a solid foundation, the rule that all the issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejected in the absence of a special reservation."
The above principal of the law was reaffirmed by our Supreme Court in Soniat v. Whitmer, supra, and the language used in Villars v. Faivre was quoted with approval in the more recent cases of Mexic Bros, Inc. v. Sauviac, supra; and Garvin v. City of New Orleans, supra.
In Gulfco Finance Company of Livingston v. Lee, supra, plaintiff sued two defendants, Percy Lee and J. W. Love. Judgment was rendered in favor of plaintiff against Lee, but the judgment was silent as to defendant Love. Plaintiff did not appeal. In his brief, however, he asked for judgment against Love in the event his demands against Lee were rejected. The appellate court, in refusing to consider that aspect of the case, said:

"The judgment below must be presumed to reject plaintiff's demand against Love, and has become final in that respect, since plaintiff did not take a protective appeal. Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917); Mexic Bros, Inc. v. Sauviac, 191 So.2d 873 (La.App. 4 Cir. 1966)." (Emphasis added).
*438 In Hebert v. Valenti, supra, where a similar issue was presented, the court said:
"With regard to defendants' third-party demands against Great American Insurance Company and Peter Hahlos the judgment of the trial court was silent, and this silence constitutes a rejection of said third-party demands." (Emphasis added).
The Fourth Circuit Court of Appeal said in Wendel v. Dixon Real Estate Company, supra, that:
"After trial, judgment was rendered in favor of the defendants Comeaux, Dixon and Western Surety rejecting plaintiff's demands and dismissing his suit. The judgment makes no mention of the defendant Corinnc Routier, wife of Comeaux, and hence we will consider plaintiff's demands against her as rejected also." (Emphasis added).
I have found no authority which supports the conclusion reached by the majority as to this issue.
Plaintiff has the right, of course, to demand the appellate review of any final judgment which may be rendered against him in this case. And, I know that my colleagues have no intent to deprive him of that right of review. Since plaintiff's demands against Benjamin Guilbeau have not been decided by the trial court (according to the majority) or on this appeal, those demands obviously remain pending in the district court. It is not likely that either party could, or would want to, have that issue tried over again, because it has already been tried on the meritsand decided by the trial court. The only procedure left open to plaintiff to have his demand adjudicated (if the majority opinion stands) is for plaintiff to return to the district court, obtain from the trial judge a second final judgment specifically rejecting his demands against Benjamin, and then take another appeal from that decree to this court. It seems to me that that is a useless procedure. It creates, rather than avoids, a multiplicity of appeals and piecemeal litigation, contrary to the provisions and purpose of LSA-C.C.P. art. 1915.
If the majority feels that a more explicit decree is needed, then the better procedure to follow, I believe, would be to defer a decision now and remand the case to the trial court for a correction of the judgment to conform to the written reasons of the trial judge, and then decide the entire case at one time after it has been returned to this court.
In my opinion, plaintiff's appeal presents us with the issue of whether he is entitled to recover damages from Benjamin Guilbeau. I would amend the judgment of the trial court to decree that Benjamin is liable, in solido, with Lionel Guilbeau for the damages sustained by plaintiff.
For these reasons I concur in that part of the majority opinion which affirms the trial court's judgment in favor of plaintiff and against Lionel Guilbeau. I disagree with that part of the judgment which refuses to consider plaintiff's devolutive appeal insofar as it relates to his demands against Benjamin Guilbeau.