326 So.2d 654 (1976)
Paul GUILBEAU, Plaintiff-Appellant,
v.
Benjamin GUILBEAU et al., Defendants-Appellees.
No. 5321.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
J. Minos Simon and Gerald J. Block, Lafayette, for plaintiff-appellant.
Richard J. Bertrand, Lafayette, for defendants-appellees.
Before HOOD, GUIDRY and PETERS, JJ.
PETERS, Judge ad hoc.
This is an action for damages for a battery inflicted on plaintiff in an altercation with defendants on May 8, 1970. Defendant Benjamin Guilbeau is plaintiff's brother and defendant Lionel Guilbeau is Benjamin Guilbeau's son. At the time of the incident plaintiff was on unfriendly terms with defendants. Plaintiff was working in his field in the afternoon on May 8 when the defendants drove by on the road adjoining plaintiff's field. Benjamin was driving a pick-up truck and Lionel was driving a tractor. As they drove by, plaintiff made a gesture at Lionel. Lionel stopped his tractor and started yelling at plaintiff. Benjamin also stopped. Plaintiff had three wrenches nearby and he started throwing them at Lionel and Benjamin. Plaintiff claims he threw the wrenches because defendants were attempting to enter his land to beat him; defendants *655 claim they had committed no agression toward plaintiff when plaintiff threw the wrenches. In any event, none of the wrenches struck either of the defendants. Lionel and Benjamin then went onto plaintiff's field and Lionel beat the plaintiff severely. Plaintiff sustained a fracture of the left ulna, a hematoma of the left forearm, bilateral hematomas of both eyes, multiple abrasions of the face, and a severe thickening of the right maxillary sinus which caused profuse bleeding from the nose.
The trial court rendered judgment against Lionel for $7260.10 but found Benjamin not liable because he took no part in the actual battery. On a prior appeal, this court affirmed the judgment as it related to Lionel but refused to consider the issue of Benjamin's liability because the trial court had not signed a written judgment dismissing plaintiff's claims against Benjamin. Guilbeau v. Guilbeau (La.App. 3rd Cir., 1975), 308 So.2d 435. The trial court subsequently signed a judgment dismissing plaintiff's claim against Benjamin and plaintiff appeals from that judgment.
There is conflicting evidence concerning Benjamin's role in this altercation. Plaintiff claims Benjamin told Lionel to beat plaintiff and then proceeded to join Lionel in inflicting the blows. Benjamin claims he never struck plaintiff. Benjamin's position is that he was a mere nonparticipating by-stander. However, the evidence indicates otherwise. When asked why he didn't leave the scene when plaintiff had thrown the last of the wrenches, Benjamin replied the "hour had arrived where I had to take a stand." Along with Lionel, he jumped a ditch to enter plaintiff's property in pursuit of plaintiff. Lionel was carrying a wrench he had taken from his tractor so Benjamin should reasonably have known plaintiff might be severely beaten. Benjamin conceded he threw dirt in plaintiff's face. Benjamin testified at trial that he told Lionel to stop the beating when he thought plaintiff had "had enough." Lionel did cease to beat plaintiff upon his father's command. It is obvious, therefore, that Benjamin did exercise some degree of control over Lionel's infliction of the beating.
One who causes another to do an unlawful act or assists or encourages in the commission of such an act is liable in solido with that person for the damage caused by the act. LSA-C.C. 2324; Walker v. Champion, 288 So.2d 44 (1973); Tabb v. Norred (La.App. 3rd Cir., 1973), 277 So.2d 223; Perigoni v. McNiece (La.App. 4th Cir., 1972), 262 So.2d 407. While the evidence does not indicate Benjamin caused Lionel to beat plaintiff, it clearly shows he assisted and encouraged Lionel in the beating.
For the reasons assigned, we hereby reverse the judgment rendered by the trial court on June 10, 1975 which dismisses plaintiff's suit insofar as it is directed against defendant Benjamin Guilbeau, and we hereby render judgment in favor of plaintiff, Paul Guilbeau, and against defendant, Benjamin Guilbeau, for the sum of $7,260.10, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings. We also decree that defendant, Benjamin Guilbeau, is liable in solido with Lionel Guilbeau to plaintiff for the amount of this judgment, the liability of Lionel Guilbeau having heretofore been decreed by judgment of the trial court rendered on January 23, 1974.
Reversed and rendered.