334 So.2d 725 (1976)
Violet Elizabeth CROOKS, Plaintiff-Appellee,
v.
BELDEN CORPORATION, d/b/a Jena Wire and Cable Company, Defendant-Appellant.
No. 5538.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
*726 Gaharen, Richey & Wilson, by Joseph Wilson, Jena, for defendant-appellant.
Long & Peters, by Jimmie C. Peters, Jena, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and BERTRAND, JJ.
BERTRAND, Judge.
Violet Elizabeth Crooks brought suit against her former employer, Jena Wire and Cable Company, for workmen's compensation benefits. Jena appeals from a judgment in favor of Mrs. Crooks awarding her compensation, as well as penalties and attorney's fees. We affirm that portion of the trial court's opinion which awarded workmen's compensation benefits and reverse that portion awarding penalties and attorney's fees.
Mrs. Crooks alleged that on October 23, 1974, she overlifted materials to be shipped out of the plant and felt a pull in her back. She further alleged that she felt immediate pain, to the extent that she had to sit and rest for about ten (10) minutes. There were no witnesses to the accident. Mrs. Crooks did not advise any co-employee or supervisor of her injury until approximately one (1) week after the accident. In the interim, she had voluntarily terminated her employment with Jena on October 25, 1974, after being denied a chance to bind on a different job opening.
In a telephone conversation on October 30, 1974, Mrs. Crooks reported her injury to Robert Day, the Plant Personnel Supervisor. However, it was only after she had inquired about receiving unemployment compensation and had been told that she was not eligible that Mrs. Crooks mentioned a claim for workmen's compensation.
After reviewing Mrs. Crooks' claim, Jena denied her workmen's compensation benefits.
The district judge found, as a matter of fact, that Mrs. Crooks had sustained a lumbosacral sprain on October 23, 1974, which rendered her disabled within the meaning of the Louisiana Workmen's Compensation Act. The court awarded her benefits for total and permanent disability.
It is well settled that factual conclusions of the trial court must be given great weight by a reviewing court. Canter v. Koehring, 283 So.2d 716 (La.1973). Roussel v. Colonial Sugars Co., 318 So.2d 37 (La. 1975). This is particularly true when they are based on the credibility of witnesses, for such conclusions will not be disturbed absent manifest error. Guilbeau v. Guilbeau, 308 So.2d 435 (La.App. 3d Cir. 1975), writ denied 313 So.2d 239 (La). Therefore, the trial court's findings must be clearly erroneous before an appellate court may substitute its own findings, Guidry v. State, (Through Department of Hospitals, 317 So.2d 222 (La.App. 3d Cir. 1975), writ refused 320 So.2d 904 (La.).
The jurisprudence is also well settled that aplaintiff in a workmen's compensation case has the burden of establishing his claim to a legal certainty and by a reasonable preponderance of the evidence. Where the plaintiff's testimony is clear and convincing, even though it be the sole evidence to prove the occurrence of an accident, the reviewing court may uphold the findings of the trial court if the testimony is plausible and consistent and is otherwise supported by the record. Alfred v. Travelers Insurance Co., 322 So.2d 872 (La.App. 3d Cir. 1975) and the cases therein cited.
Although Mrs. Crooks did not report her accident to a superior or co-worker prior to October 30th, her husband and her sister-in-law testified that on the night of the accident, Mrs. Crooks complained of an injury that had occurred at work that day.
*727 Mrs. Crooks told three of her four treating physicians that the injury to her back was a result of an accident at work. Although most of the medical evidence as to the injury itself was based on subjective testing, there was an objective finding of an involuntary muscle spasm by Dr. Rambach, an orthopedic surgeon. Dr. Rambach and Dr. Turnley testified to the effect that Mrs. Crooks' slow recovery was attributable to a pre-existing degeneration of the lumbosacral joint disc. However, this is of no moment, because a disability is fully compensable when caused by an on the job accident, even though it is caused also by a contributing pre-existing physical condition. Roberson v. Liberty Mutual Insurance Co., 316 So.2d 22 (La.App. 3d Cir. 1975), and the cases therein cited; Walker v. Belden, 331 So.2d 167 (La.App. 3d Cir. 1976).
In view of the above testimony, there is sufficient evidence upon which the trial judge could have based his opinion. For this reason, the trial court's finding that Mrs. Crooks was disabled as the result of a work related accident is not manifestly erroneous.
Because there was corroborating testimony by Dr. Turnley and Dr. Rambach that Mrs. Crooks was still suffering and would continue to suffer indefinitely from her injury, the trial court's finding of total and permanent disability is proper.
We think the trial judge erred in awarding penalties and attorney's fees. LSA-R.S. 23:1201.2 provides in pertinent part:
"A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim. . . ."
The penalty provided by the statute is very harsh and should not be imposed in doubtful cases. Where there is a bona fide dispute as to the occurrence of the accident or the causal connection between the accident and the disability, an employer's refusal to pay benefits is in good faith and with just cause. Hall v. Joiner, 324 So.2d 884 (La.App. 3d Cir. 1975); Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3d Cir. 1975).
In the case at bar, Mrs. Crooks did not make an immediate report of the accident to a co-worker or supervisor. Instead, she waited to report the accident after she had quit her job over an unrelated dispute, and only after she had requested unemployment compensation. The accident itself was unwitnessed. There was no clear evidence to prove the occurrence of an accident other than Mrs. Crooks' allegations. The surrounding facts and circumstances tended to discredit Mrs. Crooks' claim, including the fact that Mrs. Crooks related different accounts of her accident to three of her doctors.
It should also be noted that the deposition testimony of Dr. Weiss, an orthopedic surgeon, was to the effect that Mrs. Crooks' continued back problems were attributable to her hip injury from a car accident in 1962 and were no longer the result of the lifting injury. Additionally, with the exception of one objective finding by Dr. Rambach, all other medical evaluations were the result of subjective findings.
The facts and circumstances surrounding the incident in question indicate that Jena acted in good faith and for just cause in denying plaintiff's workmen's compensation claim. Because Jena's refusal to pay compensation benefits was not arbitrary, capricious, *728 or without probable cause, the trial court's award of penalties and attorney's fees was erroneous and is hereby reversed.
For the reasons assigned, the decision of the trial court is amended so as to delete the award for penalties and attorney's fees. In all other respects, the decision is affirmed.
The costs of this appeal are assessed to defendant-appellant.
AFFIRMED IN PART; REVERSED IN PART.