EDWARDS, Judge.
Plaintiff, Robert Laird, brought this suit against his former employer, H. E. Wiese, Inc., and its insurer, Niagara Fire Insurance Company, for workmen’s compensation benefits. The trial court found that plaintiff was permanently and totally disabled and awarded maximum benefits. From this award, the defendants have appealed.
On December 10,1974, Laird sustained an injury to his right elbow while working near Laplace, Louisiana, within the course and scope of his employment with Wiese. He was initially treated by a local doctor and returned to work.
Evidence in the record indicates that plaintiff injured this same elbow on three other occasions, twice prior to December 10, 1974 and once thereafter. The two earlier incidents occurred while Laird was employed by Diamond Service Pipeline Company and are not included in this suit. The third incident occurred on February 18, 1975, allegedly while plaintiff was working for Wiese. A claim based on this incident was included in this suit by an amended petition offered during trial.
Laird continued to experience pain in his right elbow and arm following the Decern- *536 ber 10, 1974 accident. He consulted Dr. Freeman in Plaquemine, Louisiana and was referred to Dr. Campanella, an orthopedic surgeon.
Dr. Campanella saw plaintiff on January 30, 1975 and noted swelling and complaints of pain in the elbow region, indicative of a radiohumeral bursitis. The bursa was aspirated and injected with cortisone. Laird returned to Dr. Campanella on February 6, February 20, and February 25, 1975 with persistent complaints of pain. On March 4, 1975, Dr. Campanella operated on plaintiff’s arm at Baton Rouge General Hospital and excised the bursa. Laird was released from the hospital two days after surgery, but returned to Dr. Campanella at frequent intervals complaining of swelling and pain.
Laird was discharged by Dr. Campanella to return to work on June 12, 1975. On July 25,1975, he returned to Dr. Campanella again complaining of pain and swelling. Dr. Campanella at that time concluded that plaintiff had sustained a 20% disability of the right elbow, but felt that with time the elbow would improve. On November 19, 1975 after subsequent examinations, Dr. Campanella concluded that this 20% impairment was a permanent disability.
Laird was paid workmen’s compensation benefits based on this 20% permanent partial disability of his right elbow through February 25, 1976.
This suit was instituted on February 2, 1976 seeking benefits for permanent and total disability.
The trial court found that the December 10, 1974 injury caused plaintiff’s disability. It also found plaintiff permanently and totally disabled, relying on the 20% permanent partial disability conclusion of Dr. Campanella and the evidence that plaintiff could not work except in pain.
Defendants list the following three specifications of error:
(1) The trial court erred in failing to sustain the peremptory exception of prescription as it pertained to the February, 1975 accident;
(2) The trial court erred in failing to determine the effects of the two accidents sustained prior to plaintiff’s employment with Wiese; and
(3) The trial court erred in holding plaintiff permanently and totally disabled based on pain and suffering when there was insufficient evidence to show disability based upon pain.
Initially, defendants contend that any claim arising out of the accident in February, 1975 is prescribed under LSA-R.S. 23:1209 [1] because the claim, which was contained in the amended petition, was not filed until February 8, 1977.
Our examination of the record leads us to conclude that the incident in February, 1975 was in reality a manifestation of symptoms which had continued since the accident on December 10, 1974.
Secondly, defendants contend that the trial court did not determine the effect of the two earlier accidents on plaintiff’s disability. Defendants argue that the earlier accidents were the cause of plaintiff’s disability. In support of this argument, they cite the testimony of Dr. Campanella to the effect that he could not say with certainty which accident caused the disability.
We find this argument untenable. The evidence in the record, particularly the *537 testimony of plaintiff, preponderates in favor of the conclusion reached by the trial court; that plaintiff’s disability did not arise until after the Wiese injury on December 10, 1974. This conclusion is additionally supported by the fact that plaintiff returned to his former job duties, performing the heavy labor of his occupation without difficulty or pain, following the earlier accidents. However, plaintiff was unable to work without pain following the December 10,1974 injury with Wiese. We believe that plaintiff has satisfied the burden of proving that the Wiese injury caused his disability. Crooks v. Belden Corp., 334 So.2d 725 (La.App. 3rd Cir. 1976).
In this regard, the general rule is that an employee is entitled to workmen’s compensation when an occupational accident aggravates or accelerates a pre-exist-ing physical condition and produces disability. See Chism v. Kaiser Aluminum & Chemical Corp., 332 So.2d 784 (La.1976). See also Johnson v. Travelers Ins. Co., 284 So.2d 888 (La.1973), and cases cited therein. Such is the case in this instance.
Finally, defendants contend that there is insufficient evidence to support the judgment of permanent and total disability based on pain.
Great weight is to be accorded a trial court’s determination of disability, as this is an issue of fact. Accordingly, a trial court’s determination will not be disturbed in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find no manifest error in this instance. Several of plaintiff’s co-workers testified that plaintiff could not carry his load after the Wiese accident and that plaintiff could not do the heavy work required of him. Plaintiff testified similarly and also recounted the pain he experienced when he tried to perform the heavy manual labor that he did prior to the accident. This evidence amply supports the trial court’s conclusion that plaintiff’s injury was of such degree as to prevent him from performing, without appreciable pain, the tasks of the nature and type he had become accustomed to performing. Plaintiff is therefore permanently and totally disabled. Carlisle v. Great American Ins. Co., 291 So.2d 449 (La.App. 2nd Cir. 1974).
For the reasons assigned, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.

. LSA-R.S. 23:1209 provides:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”