GUIDRY, Judge.
This is a workmen’s compensation suit. The trial court rendered judgment in favor of plaintiff finding her entitled to recover the maximum allowable amount of compensation benefits for a ten (10) day period; legal interest thereon from due date until paid; medical expenses in the sum of Seventy-Five ($75.00) Dollars; and, assessed all costs against defendant. The trial court denied penalties and attorney’s fees as prayed for by plaintiff. Plaintiff has taken this appeal and questions only that part of the trial court judgment which denied her penalties and attorney’s fees. Defendant has neither appealed nor answered the appeal of plaintiff.
We have carefully examined the record in this case and find that the trial court, in a well reasoned opinion, correctly disposed of all of the issues presented. Although, the only issue on appeal concerns correctness of the trial judge’s ruling on the issue of penalties and attorney’s fees, a reading of the entire opinion is necessary to a full understanding of his ruling on this issue. Accordingly, we take the liberty of quoting the trial court’s opinion in its entirety.

“Plaintiff, Sandra Kelso, seeks workmen’s compensation benefits for injuries allegedly received while working as a truck driver for Continental Oil Company. She and her husband began work 
*982
March 1, 1978, for Continental as a team, driving a truck on long distance hauls. She testified that during the second trip she started experiencing slight pains in her abdomen and pelvic region. The pains became severe on the trip which ended on or about March 25, 1978. Following the conclusion of the trip, she went to a doctor. Her condition has been diagnosed as symptomatic pelvic relaxation.

The issues presented are: 1) Did plaintiff sustain an accident within the meaning of the compensation act; 2) Did plaintiff suffer an injury as a result of her alleged accident, and, if so, did the injury result in a disability; 3) What is the extent of plaintiff’s disability, if any; and 4) Is plaintiff entitled to recover penalties and attorney’s fees?

Pelvic relaxation is a condition which pre-existed her employment by Continental. This condition is one peculiar to women. Her treating physician, Dr. Michael Kudla, who specializes in obstetrics and gynecology, explained that this condition is seen in a number of women. It is a muscular condition, and exists when there is poor support of the uterus, when the supports are not firm enough to give good support, allowing the uterus to drop, causing pain. In most cases, such women are able to continue doing what they have previously been doing with perhaps some modifications in their activities. This condition can be rendered symptomatic with time as a natural occurrence. However, the condition can also be rendered symptomatic by certain activities, such as dancing, walking, running, jogging, and by being bounced about in a truck. He stated that it is within a reasonable medical probability that her condition was made symptomatic by her driving and riding in the truck while working for Continental. However, Dr. Kudla equivocated somewhat on this last opinion by stating that if she had been driving trucks for a long period of time, it could be coincidental with time that the condition became symptomatic, and that he would expect a new activity to cause the pain.

Mrs. Kelso had been driving trucks for approximately four years before her employment at Continental. She had experienced no pain whatsoever prior to her employment at Continental. There was considerable testimony concerning the nature of this particular truck to cause excessive or unusual bouncing and movement of one’s body within the truck. Considering these factors along with the medical testimony, the court feels that it is more probable than not that an accident occurred within the meaning of the compensation act.

The court further concludes that the plaintiff suffered an injury as a result of her accident, and that the injury resulted in a disability. The pain plaintiff experienced was disabling for at least some period of time. Dr. Kudla testified that upon his examination of her, he advised her not to drive trucks again for about seven days. He further testified that he would think the pain she experienced should subside within two weeks. She testified that she was off work for ten days and then went back to work driving local hauls in other trucks. She had no problems driving these trucks. However, after about one month, she attempted to make a longdistance trip with her husband in the original truck, and again began experiencing severe pain. She last worked on or about May 12, 1978, and on May 15, 1978, was advised by Dr. Kudla that she should not drive trucks which cause the pain.

.As to the extent of plaintiff’s disability, she is entitled to workmen’s compensation benefits for the ten days she was off work, commencing on or about March 25, 1978. There was no showing of disabling pain following the last date of her employment, or if one can assume that the pain was sufficient to be disabling for some period of time thereafter, there was no showing of the length of such period of, time. Counsel for plaintiff, during oral argument, acknowledged that while Mrs. Kelso may be permanently disabled, *983 there is no causal connection between her present and future disability and the accident or injury received while working for Continental. Mrs. Kelso’s condition of pelvic relaxation is a permanent condition, but it was not caused by the accident. Furthermore, this condition was not made worse or aggravated by the accident. In other words, if Mrs. Kelso’s condition of pelvic relaxation is the cause of present disability, this disability would exist even if the accident had not occurred and she had not been caused pain while working for Continental. Finally, Mrs. Kelso has no complaints now that Dr. Kudla can relate to the pelvic condition. It is more likely that any complaints that she now has stem from a physical cause other than her pelvic condition.

The claim for penalties and attorney’s fees is denied. Defendant was confronted with a claim of a most unusual nature. The diagnosis by Dr. Kudla was reviewed by the Continental medical staff. There apparently is no medical basis for believing that pelvic relaxation is of traumatic origin or for not believing that the condition is a natural condition of many women and that pain therefrom can be of natural origin. There are no cases in which the courts have had occasion to consider the condition complained of by Mrs. Kelso from which the defendant could have obtained guidelines indicating its liability. The occurrence of an accident was questionable. After driving trucks for approximately four years, Mrs. Kelso’s complaint arose after working less than a month for Continental. No particular or unusual incident had occurred. The terminal manager drove the truck to attempt to determine if there was anything unusual about the way the truck rode, and although the court questions whether the testing was done under the same conditions as those under which Mrs. Kelso drove, his findings were negative, and were reported to the company. Under these circumstances, the court cannot say that the defendant was arbitrary and capricious in failing to pay compensation.

Judgment will be rendered in favor of the plaintiff and against the defendant for the maximum allowable amount of compensation benefits for the ten day period referred to hereinabove, with legal interest from the due date, and for medical expenses in the sum of $75.00. Costs to be paid by defendant. The expert witness fees of the doctors who testified will be fixed at $75.00 each and taxed as costs. ”

We find the trial court’s conclusion denying any award for penalties and attorney’s fees to be eminently correct. It is well settled that where there is a bona fide factual dispute as to the occurrence of an accident or that the employee’s disability was work-related the employer has probable cause to refuse to pay workman’s compensation benefits. Cole v. Sears Roebuck and Co., 337 So.2d 900 (La.App.3rd Cir. 1976); Crooks v. Belden Corporations, 334 So.2d 725 (La.App.3rd Cir. 1976); Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App.3rd Cir. 1976).
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.